IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ESTHER RHODES** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-16-2459 |
| **MCIC, INC.**, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court are motions for judgment on the pleadings by Defendants Honeywell International, Incorporated, and Ingersoll Rand Company. (ECF Nos. 190, 193.) The motions have been briefed (ECF Nos. 196 & 201), and no hearing is required, Local Rule 105.6 (D. Md. 2016). The motions will be granted, but Plaintiffs will be permitted to file an amended complaint.

*I. Standard for Motion for Judgment on the Pleadings*

A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at

679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II. Allegations of the Complaint

Before this case was removed to federal court, Plaintiffs filed a "Short Form Asbestos Complaint" in the Circuit Court for Baltimore City, Maryland. Therein, Plaintiffs alleged the following, in pertinent part:

> The deceased plaintiff, EARL J. RHODES, was in the U.S. Navy and worked as a laborer and boilermaker from 1952 to 1956 onboard including, but not limited to, the USS Tarawa CV40. He was then employed as a laborer, welder and boilermaker on board numerous ships from 1956 to 1959 at Bethlehem Steel Sparrows Point Shipyard and from 1959 to 1963 as a laborer at Eastern Stainless Steel. From 1963 to 1972, the deceased Plaintiff worked as a laborer and mechanic at James Gibbons Trucking, Hess Oil Company and Strescon Industries, Inc. He was also employed as a laborer, truck mechanic and salesman from 1972 to the late 1970s at Earl's Luber-Finer & Sons Sales & Service.
>
> The deceased plaintiff, EARL J. RHODES, suffered from mesothelioma and asbestos-related diseases . . . diagnosed in October, 2015.

(Compl. ¶ 1, ECF No. 2.) The complaint also

> incorporates paragraphs one (1), two (2) and three (3) as well as Count I (Negligence), Count II (Strict Liability), Count III (Loss of Consortium), Count IV (Survival Action – Negligence), Count V (Survival Action – Strict Liability), Count X (Conspiracy) and Count XI (Fraud) of The Law Offices of Peter T. Nicholl Master Complaint CT-2.

(*Id.* unnumbered paragraph, p. 11.) In addition,

2

> Plaintiffs reallege and incorporate herein by reference the allegations and claims asserted in Count VI, paragraphs 25-31 (Wrongful Death) and Count VII, paragraphs 32-34 (Wrongful Death – Strict Liability) of the CT Master Complaint.

(*Id.* ¶ 1 [*sic*], p. 12.)  Otherwise, Plaintiffs made bare allegations of negligence and strict liability. (*Id.* ¶ 4, p. 12.)

In their opposition to the instant motions, Plaintiffs argued the Short Form Complaint and the CT-2 Master Complaint, read together, plausibly allege their claims for relief.  (Pls.' Opp'n Supp. Mem. 2-3.)  After the Court directed them to do so, Plaintiffs docketed a copy of the CT-2 Master Complaint.  (ECF No. 199.)

In the Master Complaint, Plaintiffs allege as to negligence, in part,

> The plaintiff was exposed to and worked around asbestos and asbestos-containing products during the course of his working years.
>
> During said periods of time and at all times hereinafter mentioned, the defendants and each of them were manufacturers, suppliers, and sellers of asbestos and asbestos insulation products, and did engage in the business of manufacturing, supplying and selling said products; that each of said defendants did manufacture, supply or sell asbestos and asbestos insulation products with which the plaintiff came in daily contact; as result whereof, he suffered and suffers from an asbestos-related disease.

(*Id.* ¶¶ 4-5.)  The Master Complaint also alleges Defendants were negligent because they failed to warn and inform of the dangers of asbestos and safe methods of handling their products.  (*Id.* ¶ 7.)

For the strict liability count, the Master Complaint alleges, in part,

> . . . at the time the defendants and each of them placed the asbestos and asbestos insulation products on the market, such products contained defects which created an unreasonable risk of harm to those likely to use or be exposed to the product, to wit:  (a) exposure to the product caused cancer and lung diseases [and] (b) no warning was given to users or persons exposed to the product.
>
> That at the time of the happening complained of, the products were being used for the purpose for which they were intended, that the products were in

substantially the same condition at the time of the happening complained of as when they left the control of each of the defendants and the plaintiff had no knowledge of the defects and no reason to suspect a defective condition.

(*Id.* ¶¶ 10-11.)

In the Short Form Complaint—the operative one in this action—Plaintiffs assert only one wrongful death count, but base it upon theories of both negligence and strict liability. (ECF No. 2.) It is not clear from the Short Form Complaint's "incorporation" of paragraphs and counts in the Master Complaint, including conspiracy and fraud, if the Court is expected to regard those theories as also being included in the single, wrongful death count. To the extent Plaintiffs are relying upon conspiracy and fraud theories, the Master Complaint alleges,

> . . . Defendants, in wanton and reckless disregard for human life and health, deliberately, and in concert with one another, intentionally and purposely withheld and concealed such information from users of their products.
>
> Defendants further conspired together to deceive the plaintiff and the public and suppress existing information regarding the health and safety interests of those exposed to asbestos.

(ECF No. 199, ¶¶ 41, 42.) As for fraud, the Master Complaint alleges,

> . . . [P]rompted by pecuniary motives, each of the defendant asbestos suppliers, individually and collectively, failed and refused to act upon . . . medical and scientific data, to warn users of their products and those who worked in close proximity thereto of the life and health-threatening dangers of exposure to and the breathing of asbestos fibers and dust, and to take such other reasonable precautions necessary to lessen the dangers and potentially lethal and dangerous characteristics of their asbestos products. Defendants, in wanton and reckless disregard for human life and health, deliberately, intentionally, and purposely withheld and concealed such information from users of and those exposed to their products.
>
> Plaintiff, unaware of the dangers to life and health resulting from exposure to defendants' asbestos products and not possessing the degree of technical knowledge and expertise of the defendants concerning asbestos and its use, continued to work with and around their products and was deprived by the above-described acts and omissions of defendants of the free and informed opportunity to remove himself from exposure to defendants' asbestos products and otherwise to protect himself from exposure thereto. The defendants' fraudulent and

4

>  misleading conduct of concealment was a direct and proximate cause of plaintiff's asbestos-related disease.

(*Id.* ¶¶ 53-54.)

### III. Analysis

Plaintiffs' complaint, incorporating both the Short Form Complaint and the Master Complaint, is insufficient to state a claim for relief under Rule 8(a), as construed by the Supreme Court in *Iqbal* and *Twombly*. The complaint is "required to allege facts to satisfy the elements of a cause of action." *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162 (2016). Thus, as to each Defendant, Plaintiffs must allege sufficient factual content to permit a reasonable inference that such Defendant engaged in actionable misconduct. But Plaintiffs have, instead, relied upon broad conclusions and a formulaic recitation of the elements of negligence and strict liability. Further, they have lumped all Defendants together generally and have made no effort to allege facts particular to any Defendant. Nor have Plaintiffs narrowed the relevant time period as to each Defendant; as the complaint currently stands, any Defendant's offending conduct could have occurred any time between 1952 and December 4, 1980.

In addition, Plaintiffs have alleged no facts to satisfy the "frequency, regularity, proximity" test required under Maryland law to establish causation in asbestos claims. *See Arbogast v. A.W. Chesterton Co.*, Civ. No. JKB-14-4049, __ F. Supp. 3d __, 2016 WL 3997292, at *1-2, 2016 U.S. Dist. LEXIS 97062, at *13-15 (D. Md. July 25, 2016) (citing *Eagle-Picher v. Balbos*, 604 A.2d 445, 460 (Md. 1992)).

Finally, if Plaintiffs are advancing causes of action based upon conspiracy and fraud, then their complaint also fails to state claims for relief under those theories. As to fraud, Plaintiffs are required to plead that cause of action with particularity—who, what, where, when, how, etc.—

pursuant to Rule 9(b). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999) (The "circumstances constituting fraud" include time, place, and contents of the fraudulent representation, the identity of the person making the misrepresentation, and what that person obtained.)

## IV. Conclusion

Plaintiffs' complaint fails to state plausible claims for relief. Accordingly, IT IS HEREBY ORDERED that Defendants' motions for judgment on the pleadings (ECF Nos. 190 & 193) ARE GRANTED. Plaintiffs, however, ARE GRANTED the opportunity to file an amended complaint that corrects the deficiencies noted *supra*.[1] Any amended complaint shall be filed on or before January 31, 2017.

DATED this 3rd day of January, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[1] Although motions for judgment on the pleadings were filed by only two Defendants, the amended complaint to be filed by Plaintiffs must provide appropriate specific factual content as to all Defendants, individually.