IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ESTHER RHODES,** <br> as Surviving Spouse and Personal Representative of the Estate of Earl J. Rhodes, deceased, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> **MCIC, INC.,** *et al.*, <br><br> Defendants | * * * * * * * * * | CIVIL NO.  JKB-16-2459 |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Pending before the Court is Plaintiffs' Motion to Remand or, in the Alternative, Motion to Dismiss Without Prejudice.  (ECF No. 443.)  No response was filed to the motion and it is ripe for decision.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2016).  The motion will be granted.

In an earlier ruling, the Court concluded this case was properly removed by Defendant Crane Co. from state court pursuant to the "federal officer defense" embodied in 28 U.S.C. § 1442.  (Mem. & Order 14, Sept. 29, 2016, ECF No. 187.)  Further, the Court determined it also possessed federal question jurisdiction over the cross-claims filed by other defendants against Crane Co.  (*Id.* 13-14.)  Consequently, the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims bound up with the federal officer defense claims was appropriate.  (*Id.* 11-12.)  Accordingly, the Court denied Plaintiffs' earlier motion for remand.  (*Id.* 14.)

Since that time, Plaintiffs have voluntarily dismissed their claims against Crane Co. (ECF Nos. 445, 446), and, concurrently with entry of the instant memorandum and accompanying order, the Court is granting Crane Co.'s unopposed motion for summary judgment as to all cross-claims and third-party claims against it (ECF No. 449).  Because no other defendant has claimed a federal officer defense, the case no longer presents federal claims.  Even so, and contrary to Plaintiffs' argument (Mot. Remand ¶ 9), the Court does not lack subject-matter jurisdiction.  The Court still retains subject-matter jurisdiction over the case.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims."); *Porsche Cars North America, Inc. v. Porsche.Net*, 302 F.3d 248, 256 (4th Cir. 2002) ("although federal courts lack subject-matter jurisdiction over a case involving only state-law claims in the absence of diversity jurisdiction, a court may retain supplemental jurisdiction over purely state-law claims after resolving a claim that initially gave it subject-matter jurisdiction over the case").

Nevertheless, it is appropriate for the Court to exercise its discretion under 28 U.S.C. § 1367(c)(3) to remand the remaining state-law claims because all claims within the Court's original jurisdiction have been resolved.  A separate order of remand follows.

DATED this 7th day of March, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge